564

George M. Wilfong and Bernard G. Mc-Guire, in pro. per.

John C. Lehr, U. S. Atty., and Vincent Fordell, Asst. U. S. Atty., both of Detroit, Mich., for respondent.

LEVIN, District Judge.

On the suggestion of the Court and with the consent of the petitioners, an order was entered consolidating both petitions for hearing, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following Section 723c.

In May, 1938, the petitioners were convicted in the United States District Court for the Western District of Michigan, for the violation of 12 U.S.C.A. § 588b, and each was sentenced to a term of twenty-five years. Upon the direction of the Attorney General they were committed to the U. S. Penitentiary at Leavenworth, Kansas. Later, petitioner Wilfong was transferred to the U. S. Penitentiary at Alcatraz.

It appearing to appropriate courts (Wilfong v. Johnston, Warden, 9 Cir., 156 F.2d 507, and orders of United States District Courts in conformity therewith), that these petitioners, although represented by counsel when tried, were not represented by counsel at the time of the imposition of sentence, each of them was remanded to the U. S. District Court for the Western District of Michigan for judgment and sentence upon the verdict of guilty returned in such Court in each case. On September 9, 1946, the petitioners, represented by counsel, were brought before the U. S. District Court for the Western District of Michigan, sitting in the City of Grand Rapids, and were sentenced for terms of twenty-five years, with credit for the time theretofore spent in actual confinement under the previous sentences. They were then committed to the County Jail in Kalamazoo, Michigan, which is, within the geographical jurisdiction of the U. S. District Court for the Western District of Michigan, and a distance of approximately 50 miles from Grand Rapids.

The petitioners, by counsel, gave notice of appeal from such new sentences, and at the same time gave notice that they did not choose to commence service of their sentences, in accordance with the election

permitted them under Rule 38 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687.

On November 21, 1946, the petitioners were removed, over their protest, to the Federal Correctional Institution at Milan, Michigan, pursuant to a telegraphic order to the U. S. Marshal at Grand Rapids, of the Director of U. S. Prisons, exercising the authority vested in the Bureau of Prisons. The order stated that the transfer was "for health of prisoners and because of inadequate local jail facilities." Evidence was introduced upon the hearing of these petitions in support of these reasons. It was also shown that there was but one jailer in charge of the jail in Kalamazoo, that the jail was not used for the confinement of prisoners after conviction, and that because of the character of the crime for which the petitioners were convicted and the length of their sentences, the Director of Prisons deemed it necessary to engage additional guards to provide proper surveillance of the petitioners, at considerable expense to the Government.

Milan, Michigan, is situated within the geographical jurisdiction of this Court. It is approximately 140 miles from Grand Rapids, and approximately 110 miles from Kalamazoo. It is the contention of the petitioners that (1) their election not to commence service of the sentence imposed upon them prevents the Director of Prisons from exercising general custodial authority over their persons, and ordering their removal from any place of confinement; (2) the District Court of the Western District of Michigan had ordered that they remain in the County Jail at Kalamazoo, pending the disposition of their appeal, and that the telegraphic order of the Director of U. S. Prisons does not effectively supersede the order of the Court; and (3) even if the Director of Prisons has general custodial authority over them, their election not to commence service of their sentences prevents the Director from effectively ordering their transfer beyond the jurisdictional limits of the District Court which sentenced them. All of these contentions lack merit.

The Bureau of Prisons, under Section 753a, Title 18 U.S.C.A., is responsible for the safe-keeping, care, protection, instruction, and discipline of all persons *charged* with or convicted of offenses against the United States. (Italics added.) The authority conferred by this section on the Bureau of Prisons is not limited by the authority conferred upon the Attorney General by Section 753f of Title 18 U.S.C.A. over all persons "convicted of an offense against the United States * * *."

From the record made at the hearing on the petitions, this court does not find that the District Court which resentenced the petitioners ordered that they remain in the County Jail in Kalamazoo, pending their appeal. In any event, the authority of the Bureau of Prisons may not be so limited by the sentencing judge.

The election permitted the petitioners by Rule 38 is subject to the continuing authority of the Bureau of Prisons under Title 18 U.S.C.A. § 753a. They remain within the circuit of the appellate court now exercising jurisdiction. The major part of the work in the preparation of their appeals has been shown to have been completed. They have been permitted to consult freely with their counsel in Milan. On the facts as they appear, this Court cannot say that the petitioners have been denied the substantial benefits they sought to achieve by their election under Rule 38.

An order is entered discharging the writs of habeas corpus heretofore issued, and the petitioners are remanded to the custody of the respondent.