Leonard Frank HOGUE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18618.

United States Court of Appeals Fifth Circuit.

Feb. 24, 1961.

Rehearing Denied April 6, 1961.

Chester E. Wallace, Atlanta, Ga., for appellant.

Russell B. Wine, U. S. Atty., Arthur L. Luethcke, Asst. U. S. Atty., San Antonio, Tex., for appellee.

Before TUTTLE, Chief Judge, JONES, Circuit Judge, and MIZE, District Judge.

MIZE, District Judge.

This appeal is taken from an order of the trial court overruling appellant's motion under Title 28 U.S.C. § 2255 to vacate the sentence that was imposed upon him, the order denying the motion having been entered on April 20, 1960.

Appellant assigns two specifications of error: (1), the sentencing court erred in refusing to grant a hearing on the motion to vacate the sentence, and (2), the sentencing court erred in refusing to grant the motion to vacate the sentence.

The order denying the motion to vacate reads as follows:

"This day there coming on to be heard by the Court the motion of the defendant Leonard Frank Hogue, filed herein on April 15, 1960, to vacate the sentence heretofore imposed against him and for other relief, and the Court having fully considered said motion, is of the opinion that the motion and the files and records of this case conclusively show that said defendant is entitled to no relief."

On October 5, 1954 the appellant and one Raymond Carl Brown, along with other co-defendants whose names are not material here, were indicted in the United States District Court in the Western District of Texas on two counts, charging, in brief, that (1) they entered a federally insured bank to commit larceny, and (2) that the defendants knowingly, feloniously and unlawfully did take and carry away from the bank the deposits, being insured money belonging to the bank. The defendants entered pleas of not guilty, proceeded to trial and were convicted, and the appellant, along with Brown, sentenced to a term of fifteen years. From this conviction the defendant appealed to this court and on December 23, 1955 the judgment of conviction was by this court affirmed. Rehearing was denied on February 21, 1956. The opinion of this court affirming the conviction is reported in Brown v. United States, 228 F.2d 286. Petition for certiorari to the Supreme Court was denied. 351 U.S. 986, 76 S.Ct. 1055, 100 L.Ed. 1500.

The case originated in the Western District of Texas (Waco Division). The judgment of commitment on the 2nd day of December, 1954, among other things recited, reads as follows:

"It is the order and sentence of the Court that the defendants, Raymond Carl Brown and Leonard Frank Hogue, for the said offense by them committed, each be imprisoned for the period of Fifteen (15) Years in an institution to be designated by the Attorney General of the United States, and that said defendants be, and they are hereby, committed to the custody of said Attorney General or his authorized representative.

" * * * It is further ordered by the Court that said defendants be temporarily held in custody by the United States Marshal for the Western District of Texas, pending definite designation of the place of confinement for service of the sentences herein imposed, the disposition of motion for new trial, if filed, and the time allowed for taking appeal. If appeal be taken, the appellant, or appellants, shall be similarly held pending the determination thereof, unless bail is allowed or election made to enter upon the service of the sentence. A certified copy of this order shall be authority to said Marshal for his action in the premises."

The appellant, in his motion to set aside and vacate the judgment, alleges as grounds therefor that the officials of the Department of Justice deliberately disobeyed that part of the order directing that he be temporarily held in custody of the United States Marshal for the Western District of Texas pending his appeal and that he was transported to other institutions for the purpose of hampering

him in perfecting and prosecuting his appeal. He alleges that he was deprived of the right to maintain contact with friends and relatives for the purpose of arranging bail and obtaining law books and other legal material necessary for the effective prosecution of his appeal and thereby he was deprived of his right to utilize the advantages of being near his friends, relatives and counsel familiar with his case. He further alleges that he was suddenly and without warning transferred to Bexar County jail in San Antonio, and then to various other institutions.

In his argument on this appeal before the Court and in his brief he relies upon, for reversal, McNabb v. U. S., 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819; Upshaw v. U. S., 335 U.S. 410, 69 S.Ct. 170, 93 L.Ed. 100; Rule 38(a) (2), Fed.Rules of Crim.Procedure, 18 U.S.C.A.

■ Appellant's contention is without merit and the court below correctly denied the motion. An examination of the records discloses that the facts upon which he now relies were known to him before the appeal from his conviction was heard. The appeal was perfected by him and thoroughly and carefully considered by the court, and the rule of McNabb and Upshaw carefully considered. The records and files of his case further disclose that he did not elect not to commence the service of his sentence as provided by Rule 38(a) (2), nor did he give bail. Under Rule 38, supra, the sentence starts to run unless the defendant elects to stop it. In order to stay the sentence under that rule there must be both an appeal and an election by the appellant not to commence service of his sentence. Norris v. U. S., 5 Cir., 190 F.2d 186.

■ Prior to March 21, 1946 the rule was that an appellant was required to elect to enter upon the service of his sentence in order to stay the judgment of conviction. Appellant not having elected not to begin the service of his sentence, that part of the trial judge's order of commitment that the defendant be temporarily held in custody in the Western

District of Texas was void. It was beyond the authority of the court to enter such an order when the defendant did not affirmatively elect not to begin the service of his sentence. Petition of Wilfong et al., D.C.E.D.Mich., 6 F.R.D. 564.

■ The safekeeping of offenders convicted is within the jurisdiction of the United States Marshals or the Bureau of Prisons to whom an offender is committed. Sec. 4042, Title 18, par. 3. Section 4086, Title 18, U.S.C.A. provides that United States Marshals shall provide for the safekeeping of any person arrested or held under authority of any enactment of Congress pending commitment to an institution. When an offender is convicted and committed to the custody of the Attorney General of the United States to be confined in some institution to be designated by him, the authority is vested in the Attorney General of the United States, acting through the Bureau of Prisons, to designate any institution where such offender may be held. The return of the United States Marshal on the commitment reads as follows:

"I certify that the within named Leonard Frank Hogue was committed to the McLennan Co. Jail, Waco, Texas, on December 2, 1954, and on March 11, 1955; was transferred to the Bexar Co. Jail, San Antonio, Texas, for security reasons. On May 20, 1955, the within named Leonard Frank Hogue was transferred to the Federal Correctional Institution, Texarkana, Texas per instructions of the Bureau of Prisons for security reasons. The United States District Clerk, Waco, Texas, has no records that the within named Leonard Frank Hogue filed an election not to serve sentence."

The same contention that is made by the appellant herein was also made by the co-defendant by petition for writ of habeas corpus while serving his sentence in the U. S. penitentiary at Leavenworth, Kansas, and the court in that case held that a federal prisoner whose appeal from conviction was affirmed by the Court of

Appeals was not prejudiced by transfers from county jails to federal prisons while his appeal was pending. Brown v. Looney, Warden, 10 Cir., 249 F.2d 61. In that case the Court of Appeals for the Tenth Circuit held that even though the transfers of the prisoner during the pendency of his appeal may have been wrongful, it is quite apparent that they did not prevent the appeal and were not prejudicial.

■ Moreover, appellant waived the things of which he now complains. An examination of the original record and files in this court upon the appeal of Brown and Hogue, supra, discloses that while the appeal was pending the United States Attorney moved this court for additional time in which to file its brief. The appellant Hogue, in his objections to the extention of time, recited the fact that he had been transferred from jail to jail and from place to place, and that the Government was attempting to hamstring him in the prosecution of his appeal, insisting that no extension be given. At that time he was as familiar with all the facts as he is now. He did not assign any error or contend that any constitutional right of his was being denied him, nor did he make any application to this court while the appeal was pending for any relief as to those matters. This he could have done and should have done if he intended to urge it for reversal. Rule 39, Fed.Rules of Crim.Procedure provides that the supervision and control of the proceedings upon appeal shall be in the appellate court from the time the notice of appeal is filed with the Clerk and that the appellate court may at any time entertain a motion for directions to the district court or to modify or vacate any order made by the district court. With full knowledge of all the facts of which he now complains and not having urged immediately for a reversal of the judgment of conviction, he waived his rights by so failing.

The judgment of the lower court was correct and is

Affirmed.