Don B. COOK, Petitioner,

v.

UNITED STATES of America, Respondent.

Civ. No. 4217.

United States District Court
E. D. Texas,
Tyler Division.
June 11, 1964.

Don B. Cook, in pro. per.

H. D. Nicholson, Asst. U. S. Atty., Tyler, Tex., for the United States.

SHEEHY, Chief Judge.

Petitioner has filed herein pursuant to 28 U.S.C.A. § 2255, a second Motion to Vacate and set Aside Judgment and Sentence heretofore entered and imposed in Criminal Action No. 6622 on the docket of this Court, styled "The United States of America v. Don B. Cook." A hearing was had on said motion with Petitioner being present in person and testifying during such hearing. The pertinent facts are as hereinafter stated.

By Grand Jury Indictment returned in this cause on February 15, 1962, Petitioner was charged with having unlawfully entered, and attempted to enter, on September 17, 1961, at Eustace, Henderson County, Texas, the First State Bank of Eustace, Texas, same being an insured bank in that the deposits of said bank were insured by the Federal Deposit Insurance Corporation, with intent to commit larceny in said bank by stealing, taking and carrying away money and other property belonging to and in custody of said bank in violation of 18 U.S.C.A. § 2113. In May 1962 and at a time while Petitioner was serving a sentence in the Texas Penitentiary pursuant to a sentence imposed upon a conviction of a felony in a court of the State of Texas, Petitioner was brought before this Court and, upon entering a plea of not guilty, was tried before a jury for the offense charged in said Indictment. At the time of arraignment and during said trial Petitioner was represented by a competent attorney appointed by this Court to represent him. The jury found the Petitioner guilty of the offense charged on May 22, 1962, and thereupon the Court on that date sentenced the Petitioner to the custody of the Attorney General for five years, with the sentence to start when the Petitioner completed serving the State sentence he was then serving. Thereafter Petitioner prosecuted an appeal from the judgment of conviction to the United States Court of Appeals for the Fifth Circuit and was represented on said appeal by a competent attorney appointed by said Court of Appeals. The judgment appealed from was affirmed by said Court of Appeals on July 18, 1963. (See Cook v. United States, 5 Cir. 320 F.2d 258.) On August 29, 1963, Petitioner's Motion for Rehearing was overruled by said Court of Appeals. The attorney who represented Petitioner on his appeal was appointed by the Court of Appeals to represent Petitioner only in connection with his appeal in the Court of Appeals.

Sometime prior to October 3, 1963, Petitioner, either in person or through the attorney who represented him on his appeal, filed a motion in the Court of Appeals to further stay the Mandate of that Court in order to enable Petitioner to apply for and obtain a Writ of Certiorari from the Supreme Court of the United States. By order filed in said Court of Appeals on October 3, 1963, which order

was signed by Circuit Judge Warren L. Jones, the issuance of the Mandate in Petitioner's case was stayed to and including October 28, 1963, and provided that such stay was to continue in force until the final disposition of Petitioner's case by the Supreme Court. On September 20, 1963, the Petitioner himself prepared and forwarded to the Supreme Court of the United States a motion for extension of the time for the filing of a Petition for a Writ of Certiorari in his case and for the appointment of counsel to represent him in the preparation and presentation of a Petition for a Writ of Certiorari. On September 28, 1963, Mr. Justice Black of the Supreme Court entered an order granting Petitioner's said motion to extend the time for the filing of a Petition for a Writ of Certiorari and extending the time for filing such a petition to and including October 28, 1963, but took no action whatsoever on that portion of Petitioner's motion requesting appointment of counsel.

On October 10, 1963, Petitioner, having finished serving his state sentence in a portion of the Texas Penitentiary located within the geographical limits of the United States District Court for the Southern District of Texas, was on that date delivered by the State of Texas to a Deputy United States Marshal for the Southern District of Texas at Huntsville, Texas, within the Southern District of Texas, because of the judgment of conviction and sentence imposed in said Criminal Action No. 6622. Said Deputy Marshal immediately transported Petitioner from Huntsville to the Marshal's Office in Houston, Texas, although the Petitioner had requested said Deputy Marshal, while they were still in Huntsville, to transport him to Tyler, Texas. After arriving at the Marshal's Office in Houston, Petitioner was placed in the Harris County, Texas, jail at Houston where he remained until October 23, 1963, on which date the United States Marshal for the Southern District of Texas took Petitioner out of the Harris County jail and began transporting him to the United States Penitentiary at Leavenworth, Kansas, to start serving the sentence imposed in said Criminal Action No. 6622. On October 24, 1963, said Marshal arrived at the Penitentiary at Leavenworth with Petitioner and delivered Petitioner to the custody of the Warden of that institution where Petitioner is presently confined pursuant to the judgment of conviction and sentence imposed in said Criminal Action No. 6622.

On March 2, 1964, Petitioner filed in Civil No. 4198 on the docket of this Court, pursuant to 28 U.S.C.A. § 2255, his first Motion to Vacate and Set Aside the Judgment of Conviction and Sentence imposed in said Criminal Action No. 6622. The basis of that motion was a contention by Petitioner that the Indictment in said Criminal No. 6622 was wholly insufficient to state an offense against the United States, but no mention was made in that motion of any of the grounds asserted in the instant motion. The Motion to Vacate in said Civil Action No. 4198 was denied by order of this Court entered in that cause on March 24, 1964. This Court having entered an order on April 1, 1964, denying Petitioner's motion to appeal in forma pauperis in said Civil Action No. 4198, the Petitioner filed a motion in the United States Court of Appeals for the Fifth Circuit seeking to appeal in forma pauperis from the judgment in said Civil Action No. 4198 but before the Court of Appeals acted on that motion Petitioner withdrew same.

As the basis for his instant motion Petitioner alleges and contends: (1) that the commitment issued in said Criminal Action No. 6622 is void because same was issued the same day sentence was imposed in that cause; (2) that because of frustration by the United States Marshal for the Southern District of Texas he was denied substantial rights and "due process" and "equal protection of the law" as guaranteed by the Fifth Amendment to the Constitution of the United States in that:

"Petitioner was taken in custody by said Marshal, on October 10, 1963, at the Texas Penitentiary at Huntsville, Texas and lodged in the Harris

County Jail, Houston, Texas for a period of thirteen (13) days. He refused to return Petitioner to District where he was convicted. He refused corresponding and visiting privileges to Petitioner while in said jail and therefore he was unable to proceed on appeal. He refused the right to sign waiver electing not to commence service of said sentence; he refused the right to appeal bond; he informed friends of Petitioner that no appeal could be made; he falsely executed commitment return by showing no appeal filed. Attached hereto and marked as Exhibit Two and Three, showing appeal was pending, nor would he contact the Court to verify appeal. He committed Petitioner to said Penitentiary without issuance of mandate which is illegal and void.";

and (3) legal papers were withheld from him for a period of 40 days while he was in the Admission-Orientation Unit upon admission to the Penitentiary at Leavenworth.

■ The first ground asserted by Petitioner shows on its face that it is without merit. There is no provision in the law that prohibits the issuance of a commitment upon the date sentence is imposed even though the party upon whom sentence was imposed might have given notice of appeal or intended to give notice of appeal.

■■ In connection with the second ground asserted by Petitioner, I find that the United States Marshal for the Southern District of Texas was under no duty to return Petitioner to the Eastern District of Texas where Petitioner was convicted in said Criminal Action No. 6622. I further find that neither the United States Marshal for the Southern District of Texas nor any of his deputies advised Petitioner or anyone else that Petitioner could not make bond pending an appeal to the Supreme Court; and that Petitioner at no time subsequent to his being delivered by the State of Texas to the United States Marshal for the Southern District of Texas made a request or at-

tempted to make a request of the United States Court of Appeals for the Fifth Circuit or of any judge thereof or of the Supreme Court of the United States or of any justice thereof for the granting and setting of bail pending action on a Petition for a Writ of Certiorari to be filed by Petitioner with the Supreme Court. I further find that when Petitioner was taken to the office of the United States Marshal in Houston, Texas, on October 10, 1963, the Chief Deputy Marshal for the Southern District of Texas advised Petitioner, in effect, that Petitioner would be committed to a Federal prison to serve the sentence imposed in Criminal Action No. 6622 unless Petitioner made an appeal bond or unless Petitioner appealed and signed an election not to commence serving the sentence imposed in said Criminal Action No. 6622; that neither the United States Marshal for the Southern District of Texas nor any of his deputies refused Petitioner the right to sign an election not to commence serving the sentence imposed in Criminal Action No. 6622; that Petitioner at no time prior to October 29, 1963, made a request of the United States Marshal for the Southern District of Texas or of any of his deputies or of any other employee of the United States Government that he be permitted to sign an election not to commence serving the sentence imposed in said Criminal Action No. 6622. I further find that the Petitioner at no time filed or attempted to file with the Supreme Court a Petition for a Writ of Certiorari seeking a review of the decision of the Court of Appeals in said Criminal Action No. 6622. Therefore, at the time the Marshal for the Southern District of Texas signed the return on the commitment in Criminal No. 6622 on October 24, 1963, no appeal from the judgment of conviction in said Criminal Action No. 6622 was then actually pending.

■■ Although the Court of Appeals did not issue the Mandate in Criminal Action No. 6622 until November 5, 1963, the commitment of Petitioner to the Penitentiary at Leavenworth on October 24, 1963, was not illegal. As above indicated,

Petitioner had not made bail or attempted to make bail. That being true, Petitioner was required to start serving the sentence upon the delivery of Petitioner to the United States Marshal for the Southern District of Texas by the officials of the Texas Penitentiary on October 10, 1963, unless, under the provisions of Rule 38, Federal Rules of Criminal Procedure, such sentence was stayed by reason of Petitioner taking an appeal and electing not to commence service of such sentence. To stay a sentence by taking an appeal there must be both the taking of the appeal and an election by the defendant not to commence serving the sentence appealed from.[1] Thus under the findings made in the paragraph next above the action of the Marshal for the Southern District of Texas in committing Petitioner to the United States Penitentiary at Leavenworth on October 24, 1963, was not illegal.

■ The third ground asserted by Petitioner is likewise without merit. The evidence fails to establish that the officials at the Penitentiary at Leavenworth prevented Petitioner from filing a Petition for a Writ of Certiorari in the Supreme Court by withholding Petitioner's so-called "legal papers" from him during the period of time Petitioner was in the Admission-Orientation Unit at said penitentiary. Furthermore the evidence fails to establish that Petitioner after October 10, 1962, desired to file a Petition for a Writ of Certiorari in the Supreme Court but, on the other hand, the evidence strongly indicates that by October 23, 1962, Petitioner had abandoned any desire or intention to file a Petition for a Writ of Certiorari in the Supreme Court that he might have previously had. It is noted in Paragraph III of Petitioner's instant motion he states that he filed in this Court a Motion to Proceed on Appeal after his release from the Admission-Orientation Unit which was denied. It is assumed that in making that statement Petitioner

was referring to a document he referred to as a Motion for Leave to Appeal Nunc Pro Tunc which he filed in said Criminal Action No. 6622 in this Court on January 9, 1964. That document was apparently filed subsequent to Petitioner having been advised by a United States District Judge in Kansas to the effect that he could not get relief by a Petition for Writ of Habeas Corpus filed in the United States District Court for the District of Kansas but that any relief he might be entitled to would have to be obtained through a motion filed in this Court.

It follows from the findings above made that Petitioner's instant motion is without merit and should be in all things denied.

This Memorandum Decision will constitute the Findings of Fact and Conclusions of Law in this cause as authorized by Rule 52, Federal Rules of Civil Procedure.

---

1. Hogue v. United States (5 Cir.) 287 F.2d 99; and Norris v. United States (5 Cir.) 190 F.2d 186.