**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**J. Norton HAAS, Jr.,**
**Defendant-Appellant.**

**No. 76–4003.**

United States Court of Appeals, Fifth Circuit.

July 13, 1978.

Clarence R. Scales, Jackson, Miss., J. Boyce Holleman, Gulfport, Miss., for defendant-appellant.

Robert E. Hauberg, U. S. Atty., James B. Tucker, E. Donald Strange, Asst. U. S. Attys., Jackson, Miss., for plaintiff-appellee.

ON REMAND FROM THE UNITED STATES SUPREME COURT

Before THORNBERRY, RONEY and HILL, Circuit Judges.

RONEY, Circuit Judge:

On April 5, 1976, defendant entered a guilty plea to a federal misdemeanor. The

maximum sentence which could be imposed was one year and $1,000. On May 21, 1976, defendant was given the maximum sentence.

On May 14, 1976, a week before sentencing, the Parole Commission and Reorganization Act became effective. Pub.L. No. 94–233, § 16(b), 90 Stat. 219 (1976) [Act codified at 18 U.S.C.A. § 4201 et seq. (Supp. 1977)]. Prior thereto, a person sentenced to one year could be released on parole by the Parole Board after serving one-third of his sentence. 18 U.S.C.A. § 4202 (prior to 1976 Amendment). Under the new Act, persons sentenced to one year are to serve the entire sentence less credit for good time ". . . unless the court which imposed sentence, shall, at the time of sentencing, provide for the prisoner's release as if on parole after service of one-third of such term . . . ." 18 U.S.C.A. § 4205(f) (Supp.1977), as amended May 14, 1976. In effect, for short sentences, the new Act shifted the responsibility for parole consideration from the Parole Board to the sentencing judge.

In sentencing Haas, the district court refused to provide for early parole, expressly stating that it was the court's intention that the defendant serve a full year without parole.

On September 3, 1976, Haas filed a motion to defer, correct, or reconsider sentence in the district court. At a hearing on October 29, 1976, the district court declined to declare petitioner eligible for parole upon expiration of one-third of his sentence. Imposition of the sentence was stayed during the course of this appeal.

An appeal to this Court, filed October 29, 1976, from the May 21 sentencing, was dismissed on the ground that the appeal was untimely and we were without jurisdiction. *United States v. Haas*, 552 F.2d 368 (5th Cir. 1977) (unpublished opinion). On petition for certiorari to the United States Supreme Court, our order dismissing the appeal was *vacated and remanded* "for further consideration in light of the position presently asserted by the Solicitor General in his memorandum filed December 22,

1977." *Haas v. United States*, 434 U.S. 1030, 98 S.Ct. 760, 54 L.Ed.2d 777 (1978). In that memorandum, the Solicitor General submitted that "the petition for a writ of certiorari should be granted, the judgment of the court of appeals dismissing the appeal should be reversed, and the case should be remanded to that court to consider the appeal on the merits."

By vacating and remanding, rather than reversing, the Supreme Court apparently did not rule on the merits of the jurisdictional question. We invited supplementary briefs from the parties. The Government chose not to file a brief at all, and the defendant addressed only the merits, not the jurisdictional issue. In this posture, we assume jurisdiction of the case for the purpose of reviewing the order of October 29, 1976.

The Government has conceded the invalidity of that portion of the order directing that the sentence be served in Forrest County Jail.

> [T]he authority is vested in the Attorney General of the United States, acting through the Bureau of Prisons, to designate any institution where such offender may be held.

*Hogue v. United States*, 287 F.2d 99, 101 (5th Cir.), *cert. denied*, 368 U.S. 932, 82 S.Ct. 369, 7 L.Ed.2d 195 (1961).

> (a) A person convicted of an offense against the United States shall be committed, for such term of imprisonment as the court may direct, to the custody of the Attorney General of the United States, who shall designate the place of confinement where the sentence shall be served.

18 U.S.C.A. § 4082.

Upon a careful review of the arguments of the parties on the merits, and the Government's position in this case, we hold that on October 29, 1976, the defendant was entitled to have the sentence of May 21, 1976, clarified so as to provide that he is eligible for probation and parole upon serving one-third of his sentence, subject to the determination of the Parole Board, all as

provided in 18 U.S.C.A. § 4202 (prior to 1976 Amendment). In view of the governmental solicitude to "knowing" guilty pleas, the ritual that now attends thereto (Rule 11, Fed.R.Crim.P.), and the strict requirements afforded a *voluntary* plea, we think that Congress would not have intended the Parole Commission and Reorganization Act of 1976 to apply to sentencing of defendants who entered guilty pleas prior to the date of the Act, especially when the sentence given by the court is the maximum.

We, therefore, reverse the October 29, 1976, order of the district court and remand the case for entry of an order clearly stating that the responsibility for parole consideration in this case lies with the Parole Board, subject to the law as provided in 18 U.S.C.A. § 4202 prior to amendment.

REVERSED AND REMANDED.