**UNITED STATES of America, Plaintiff,**

v.

**Joseph FREED, Defendant.**

**Crim. A. No. 78–80481.**

United States District Court,
E.D. Michigan, S.D.

June 24, 1983.

Joseph Freed, pro se.

Sheldon N. Light, Asst. U.S. Atty., Detroit, Mich., for defendant.

## ORDER

JOINER, District Judge.

The defendant in this action was sentenced by the court on March 6, 1979, to three concurrent one year prison terms pursuant to 18 U.S.C. § 4205(f), to be released as if on parole after service of one-third of the sentence imposed. The defendant began serving the sentence on November 8, 1982, and on March 7, 1983, he was released subject to the usual conditions of parole.

The defendant has now filed a Motion for Clarification of Sentence claiming that he is improperly being required to meet the conditions of parole following his release. The parties have agreed that the matter should be resolved without oral argument.

18 U.S.C. § 4205(f) provides:

(f) Any prisoner sentenced to imprisonment for a term or terms of not less than six months but not more than one year shall be released at the expiration of such sentence less good time deductions provided by law, unless the court which imposed sentence, shall, at the time of sentencing, provide for the prisoner's release as if on parole after service of one-third of such term or terms notwithstanding the provisions of section 4164. This subsection shall not prevent delivery of any person released on parole to the authorities of any State otherwise entitled to his custody.

The terms of the judgment imposing sentence were:

"The defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of one (1) year on Count I to be released as if on parole after service of one-third of such sentence as provided in 4205(f), one (1) year on Count II to be released as if on parole after service of one-third of such sentence as provided in 4205(f), and one (1) year on Count III to be released as if on parole after service of one-third of such sentence as provided in 4205(f). The sentence in Count II and Count III is to run concurrent with sentence imposed in Count I."

Mr. Freed asserts:

"That the sentence imposed pursuant to 18 U.S.C. § 4205(f) provides that Petitioner was to be released after service of one-third thereof, being 120 days, and this sentence of incarceration would completely satisfy the sentence imposed;

That Petitioner believes that the mandate committing him to Federal Parole is a mistake and not in conformity with the sentence heretofore in the within matter imposed by this Court."

Both the judgment and the statute under which the sentence was imposed use the phrase "as if on parole" to define the condition of the release. The clear meaning of those words is to subject the person to parole supervision for the remainder of the sentence.

■ The phrase "as if on parole" is also used in section 4164 and its meaning in that section is quite clear:

A prisoner having served his term or terms less good-time deductions shall, upon release, be deemed as if on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days.

18 U.S.C. § 4164. If a prisoner is released under this section at a time earlier than 180 days prior to the maximum period imposed, the prisoner is subject to the conditions that would be imposed if he were on parole and remains subject to those conditions until the expiration of the maximum term or terms imposed less 180 days. *Sprouse v. Settle,* 274 F.2d 681 (8th Cir.1960). The phrase "as if on parole" is used to identify the conditions but to distinguish the formal procedure used.

■ Likewise, Section 4205(f) uses "as if on parole" to identify the conditions but to distinguish the procedure. This section has been interpreted as shifting the responsibility for the granting of parole from the Parole Board to the sentencing judge when the sentence is for a term between six months and one year. *United States v. Haas,* 576 F.2d 618 (5th Cir.1978).

This interpretation is supported by the Senate Report issued in conjunction with P.L. 94–233, Parole Commission and Reorganization Act. S.Rep. No. 94–369, 94th Cong., 2d Sess. (1976), *reprinted in* 1976 U.S.Code Cong. & Ad.News 335, 344:

> For individuals sentenced to a maximum term or terms of more than six months, but not more than one year, the sentencing judge sets the date for release of the offender as if on parole, except if the judge sets no release date, the individual would be released after serving six months.

Section 4205(f) was meant to allow the sentencing judge to make a parole date determination when the sentence is for a term of more than six months but not more than one year.

 This is precisely what was intended in this case. The sentence imposed was for three concurrent one year terms with release as if on parole subject to the conditions of parole after service of one-third of the term. Section 4205(f) was specifically mentioned. If the court had intended that the defendant be unconditionally released at the end of four months, it would have simply imposed a sentence of four months.

So Ordered.