[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15845
Non-Argument Calendar
_____

D.C. Docket No. 8:03-cr-00254-EAK-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HOWARD DUFFIS CLAUDIO,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____
(November 28, 2012)

Before BARKETT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Howard Duffis Claudio appeals the denial of his motion for civil contempt,

filed pursuant to 18 U.S.C. § 401(3), in which he argued that the government had

violated the district court's judgment in his criminal case by housing him in a privately run facility rather than a prison operated by the Bureau of Prisons ("BOP"). In 2004, Claudio pled guilty to conspiracy to distribute five kilograms or more of cocaine while aboard a vessel subject to United States jurisdiction, in violation of 46 App. U.S.C. § 1903(a), (g), and (j), and 21 U.S.C. § 960(b)(1)(B)(ii), and was sentenced under mandatory Sentencing Guidelines to 168 months' imprisonment. On direct appeal, we vacated Claudio's sentence and remanded for resentencing in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and the district court again sentenced Claudio to 168 months' imprisonment. The BOP transferred Claudio to a prison operated by GEO Group, Inc., a private corporation, to serve his sentence.

On appeal, Claudio argues that the district court abused its discretion by denying his motion to hold the government in civil contempt because he had presented clear and convincing evidence that the government was in contempt of his criminal judgment. Specifically, Claudio argues that the government was in contempt because, by housing him in a privately run prison, the BOP had transferred him out of BOP "custody," and the criminal judgment required that the BOP keep him in its custody throughout his sentence of imprisonment. The government responds, in part, that the district court did not have jurisdiction to

2

consider a contempt motion because the criminal case was closed at the time Claudio filed his motion for civil contempt.

As an initial matter, the district court had jurisdiction to consider Claudio's motion. To have jurisdiction to hold an entity in civil contempt, the district court must have had subject-matter jurisdiction over the underlying controversy. *See United States v. Straub*, 508 F.3d 1003, 1008-09 (11th Cir. 2007) (distinguishing civil contempt from Fed.R.Civ.P. 11 sanctions). Under 18 U.S.C. § 3231, district courts have original jurisdiction over all offenses against the laws of the United States. 18 U.S.C. § 3231. Here, there is no question that the district court had jurisdiction over the underlying controversy, specifically, Claudio's criminal proceedings and the judgment at issue here. Because the district court had jurisdiction to issue the underlying criminal judgment, it could address Claudio's motion for civil contempt, which was reliant on the original judgment. *See Straub*, 508 F.3d at 1008-09.

We review the denial of a motion for civil contempt for an abuse of discretion. *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000). We can affirm on any ground supported by the record. *Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1286 (11th Cir. 2008).

Section 401(3) of Title 18 of the U.S. Code provides that a court of the United States shall have the power to punish by fine or imprisonment

3

"[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(3). In order to establish that a party acted in contempt, the party seeking the contempt ruling must show by clear and convincing evidence that: (1) the allegedly violated order was valid and lawful, (2) the order was clear and unambiguous, and (3) the alleged violator had the ability to comply with the order. *Ga. Power Co. v. Nat'l Labor Relations Bd.*, 484 F.3d 1288, 1291 (11th Cir. 2007). The order in question is subject to "reasonable interpretation," but the order may not be expanded beyond the meaning of its terms without notice and an opportunity to be heard. *Id.* Any ambiguities or uncertainties in the court order are construed in a light favorable to the party being charged with contempt. *Id.* However, the inquiry is into whether the party in fact complied with the order in question, not whether the party subjectively believed it was in compliance with the order or intended to comply with the order. *Id.*

Under 18 U.S.C. § 4001, a citizen cannot be imprisoned by the United States unless the imprisonment is pursuant to an act of Congress. 18 U.S.C. § 4001(a). Section 3621 of Title 18 of the U.S. Code provides that a person sentenced to a term of imprisonment "shall be committed to the custody of the Bureau of Prisons." 18 U.S.C. § 3621(a). The BOP has the exclusive discretion "to designate any institution where" prisoners may be held." *Hogue v. United States*, 287 F.2d 99, 101 (5th Cir. 1961).

4

Here, the district court did not abuse its discretion by denying Claudio's motion for civil contempt because he did not establish that the government violated a clear and unambiguous provision of the judgment by housing him in a privately run correctional facility.

Upon review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**